IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**DONNITA BRYANT, o/b/o J.I.B., Jr.,**

    **Plaintiff,**

vs.                                            CASE NO. 1:08-CV-173-MMP/AK

**MICHAEL J. ASTRUE,**
**Commissioner, Social Security Administration,**

    **Defendant.**

                                          /

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for Supplemental Security Income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

### A.    PROCEDURAL HISTORY

Plaintiff filed an application for DIB on November 30, 2004, alleging a disability onset date of July 24, 2003, due to asthma, speech delay, attention deficit hyperactivity disorder (ADHD), a learning disability, and possible cardiac problems. The application was originally denied on April 26, 2005, and on reconsideration on September 9, 2005.

Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on February 26, 2007, which resulted in an unfavorable decision on April 17, 2007. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ on April 17, 2007, the final decision of the Commissioner, and the decision under review herein.

**B.     FINDINGS OF THE ALJ**

The ALJ found that Plaintiff is not disabled within the meaning of the Act, and therefore not eligible to receive SSI. The ALJ found that Plaintiff experienced less than marked limitation in four of the six functional domains established in 20 CFR 416.924(d) and 416.926(a). (R. 23-27). The ALJ did find that the Plaintiff had a marked limitation in acquiring and using information but no limitation in moving about and manipulating objects. (R. 23, 26). Overall, the ALJ did not find sufficient evidence to support a finding that the Plaintiff was disabled.

**C.     ISSUES PRESENTED**

Plaintiff argues:

1. That the decision of the ALJ is not supported by substantial evidence on the record as a whole.

In response to this issue, the Commission argues that the ALJ properly weighed and considered all of the evidence and that it did not demonstrate that Plaintiff was disabled according to the Act.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**No. 1:08CV173-MMP/AK**

**D.     STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an

**No. 1:08CV173-MMP/AK**

adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

Childhood disability is defined by the regulations:

An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death, or which have lasted, or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §1382c(a)(3)(C)(1).

The regulations set forth a three-step sequential evaluation process:

1. The ALJ must determine if the child is performing substantial gainful activity;
2. If not, the ALJ must determine whether the child's impairments are severe; and
3. If severe, the ALJ must determine whether the impairments meet or equal the severity of a listed impairment. 20 CFR §416.924.

If the ALJ finds that the impairments are severe, but do not meet the listing requirements, he may find that the impairments result in limitations that functionally equal the listings. 20 CFR § 416.926a. To establish functional equivalence in step 3, the ALJ must have a medically determinable impairment that results in marked limitations in two functional domains or an extreme limitation in one domain. 20 CFR § 416.926a(a). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 CFR 416.926a.

**No. 1:08CV173-MMP/AK**

### E.  SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY

Plaintiff was born on July 5, 2001.  Plaintiff was diagnosed with asthma on January 28, 2003.  (R. 297).  He takes medication for his asthma, and it appears that his condition is sufficiently controlled with the medication.  (R. 367, 368, 543-44).  Furthermore, Plaintiff does not suffer from any side effects of the medication. (R. 701-702).

A speech/language pathologist evaluated Plaintiff on July 25, 2003, and reported that he demonstrated delayed receptive and expressive language skills.  (R. 369-370).  Later the same year, a multi-disciplinary team conducted an evaluation of Plaintiff, and came to the same conclusion.  (R. 372).  The team also reported that Plaintiff's cognitive and motor skills were delayed, and attributed this partially to his inability to stay on task.  (R. 371).  After an evaluation conducted on April 15, 2004, a school psychologist reported that Plaintiff was developmentally delayed.  (R. 397-401).

A consultative speech/language evaluation conducted the following year found that Plaintiff's overall language skills were slightly impaired, but that his articulation skills were within normal limits.  (R. 414-16).  An examination by a cardiologist in June of 2005 revealed that Plaintiff had an irregular heartbeat, but the Doctor reported that overall Plaintiff seemed healthy, and this condition was clinically asymptomatic.  (R. 534-35).  In the same month, Plaintiff was diagnosed with ADHD and put on medication to manage his condition.  (R. 617, 620-21).  Plaintiff continued to receive treatment for

this condition through November of 2006, and his symptoms improved. (R. 572-607; 623-34).

In the fall of 2006, Plaintiff's kindergarten teacher evaluated Plaintiff and reported that he was working below grade level. (R. 274-81). This was demonstrated by Plaintiff's difficulty with reading comprehension, communication through writing, and learning new material. (R. 275). The teacher also reported that Plaintiff had trouble completing tasks and working without distracting himself or others. (R. 275). In many other areas however, she reported that Plaintiff had little or no difficulty. (R. 276-279).

## F.  SUMMARY OF THE ADMINISTRATIVE HEARING

A hearing was held on Plaintiff's application on February 26, 2007. At the hearing, Donnitta Bryant, Plaintiff's mother, testified on Plaintiff's behalf. Plaintiff and Bryant were represented by counsel.[1] (R. 38-39). Bryant testified that at the time of the hearing, Plaintiff was attending kindergarten at Duval Elementary School. (R. 683). Plaintiff attends regular classes everyday, but also gets individual attention from an ESE teacher three to four times a week. (R. 689). JIB has ADHD which can be disruptive to his school work, and he takes medication for this condition. (R. 687-88, 696-97).

Bryant also testified that Plaintiff occasionally gets sent home from school with notes from his teacher, informing Bryant that JIB was a problem in school that day. (R. 691-692). When Plaintiff brings homework home from school, Bryant assists him with it and she is able to manage his hyperactivity. (R. 689-691). JIB testified that he enjoys

---

[1] Bryant and Plaintiff are not represented by counsel for the purposes of this review.

**No. 1:08CV173-MMP/AK**

reading and writing and playing sports. (R. 693, 699-701). JIB and his mother also testified that he had gotten into a fight at school, but there was no evidence that this was a pervasive or ongoing problem. (R. 694-695).

## G. DISCUSSION

With regards to the issue raised by Plaintiff, Plaintiff alleges that the ALJ's decision is not supported by substantial evidence on the record. Plaintiff's mother provided the ALJ with a substantial amount of medical and school records. This included records from treating physicians, multi-disciplinary task force evaluations, the Alachua County Department of Public Health, and school records which reference and track Plaintiff's development in a school environment.

In order for a child's ADHD to qualify as a disability under the Social Security Act, the child's ADHD must meet the following criteria:

a) <u>Listing 112.11 Attention Deficit Hyperactivity Disorder</u>
Manifested by developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity.
The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
  A. Medically documented findings of all three of the following:
  1. Marked inattention; and
  2. Marked impulsiveness; and
  3. Marked hyperactivity.
AND
  B. ...for children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02.

The evidence on the record did not include any medically documented findings of all of the "A" criteria. Although Plaintiff was medically diagnosed with ADHD, the medical records also indicate that this condition was managed and controlled through

**No. 1:08CV173-MMP/AK**

medication. None of the evidence supported a finding that his condition was so extreme as to be classified as a "marked limitation." Therefore, Plaintiff's ADHD would not qualify under the listing for a disability regardless of whether or not the necessary "B" criteria were met.

However, the record also fails to establish that Plaintiff qualified under those criteria well. The "B" criteria in 112.02 are: marked limitations in age-appropriate cognitive/communicative functioning; marked limitations in social functioning; marked limitations in personal functioning; and marked difficulties in concentration, persistence and pace.

A "marked limitation" in any of the six domains, occurs when a child's condition "interferes seriously with [his] ability to independently initiate, sustain, or complete activities." 20 C.F.R. 416.926a(e)(2). A marked limitation is one that is "more than moderate but "less than extreme." *Id.* The records provided to the ALJ do not establish that the Plaintiff's condition causes marked limitation in the necessary categories.

There is evidence on the record that Plaintiff suffers from some limitation in age appropriate cognitive/communicative functioning. Plaintiff attends his regular class at school, but also participates in an Individual Education Plan developed by the school teachers and therapists. In a teacher questionnaire, Plaintiff's kindergarten teacher reported that he had "a very serious problem" with reading and comprehending written materials and comprehending and doing math problems. (R. 275). Plaintiff was also working below his grade level in January of 2007. (R. 292).

**No. 1:08CV173-MMP/AK**

There is no evidence on the record that Plaintiff suffers any limitation in social functioning. In fact, the record evidence demonstrates the exact opposite. Plaintiff's kindergarten teacher reported that Plaintiff is able to make and keep friends, play appropriately with others, follow instructions, and express his anger appropriately. (R. 274-81). Although his mother testified at the hearing that Plaintiff had gotten into fights and had notes sent home from school, she also downplayed this symptom by explaining that he "has his bad days" like most children. (R. 691-92).

With regards to personal functioning, there is minimal record evidence to support that Plaintiff is limited in this area. Plaintiff's kindergarten teacher did not report any problems pertaining to personal functioning. However, Plaintiff's mother did report at the time Plaintiff was three, that he was unable to dress or bathe himself without assistance. (R. 241-248). At the hearing, Plaintiff's mother testified that Plaintiff was able to dress himself and "all that." (R. 695).

The record contains substantial evidence that Plaintiff suffers from difficulties in concentration and persistence. Plaintiff's kindergarten teacher reported that Plaintiff had a problem working without distracting himself or others. (R. 276). However, in the same report, the teacher reported that Plaintiff did not have any problems taking turns in conversations, respecting and obeying adults and authority, and maintaining relevant and appropriate conversation. (R. 277). Plaintiff's mother did testify at the hearing that there are days when he is still "very hyper." (R. 690-91). Another teacher reported in September of 2006 that Plaintiff had difficulty following instructions, organizing tasks,

**No. 1:08CV173-MMP/AK**

and waiting his turn. (R. 293). She also reported that Plaintiff is forgetful and shies away from difficult tasks. (R. 293).

Although there was substantial evidence that Plaintiff is limited in his age appropriate concentration, persistence, and pace, this is the only "B" criteria that presents a significant problem for Plaintiff. Because the statute requires that a claimant's ADHD result in a marked limitation in at least two of the four criteria, Plaintiff does not meet this standard.

After the hearing before the ALJ, Plaintiff's mother submitted additional school records to the Appeals Council on the same day that the Appeals Council entered its decision. It appears the Appeals Council considered this additional evidence. (R. 11). The evidence included new school evaluations in which multiple school faculty members noted a substantial problem in Plaintiff's ability to concentrate and function effectively in a school environment. (R. 656-661). The supplemental documentation still did not include the medical documentation necessary to fulfill the requirements under section (A).

The supplemental evidence demonstrates that Plaintiff's condition may have deteriorated since the time of the hearing before the ALJ. However, when determining whether or not a claimant's condition qualifies as a disability under the SSI requirements, the ALJ and the Appeals Council are to make that determination based on the claimant's condition at the time of the application, up to and including his condition at the time of the hearing. If a claimant's condition worsens after the hearing, a new application must be filed alleging a new onset date. Plaintiff's mother made no

**No. 1:08CV173-MMP/AK**

statements to the ALJ that his condition continued to worsen, or that she had additional documentation that should be considered by the ALJ.

Substantial evidence on the record supports the ALJ's decision that Plaintiff was not disabled as described in the Act.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this 18th day of November, 2009.


s/ A Kornblum
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:08CV173-MMP/AK**