IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DONNITA BRYANT,

    Plaintiff,

v.                                                CASE NO. 1:08-cv-00173-MP-AK

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 24, Report and Recommendation regarding the Complaint Filed by Donnita Bryant, Doc. 1. The Magistrate has recommended that the decision of the Commissioner denying benefits be affirmed. Plaintiff timely objected to the Report and Recommendation, Doc. 25. Thus, this Court reviews the matter *de novo*.

The Report and Recommendation uses the correct standards of review for its analysis, and recounts the relevant procedural and medical history. Much of the Magistrate's analysis is not specifically disputed. Therefore, this Court will not repeat those sections of the Report and Recommendation which require no further explanation or analysis.

Plaintiff's objection to the Report and Recommendation mentions specifically that her son is working below grade level- that he is supposed to be on a 3rd grade level, but now works on a 2nd grade level. Doc. 25, p. 2. If the relevant legal question was "does the claimant perform in every way at the proper grade level for his age?" Plaintiff would be entitled to relief based on ADHD. The analysis required by this appeal, however, is rather more complicated, and leads necessarily to a different result.

As the Magistrate noted in his analysis, in order for a child's ADHD to qualify as a disability under the Social Security Act, the child's ADHD must meet the following criteria:

a) Listing 112.11 Attention Deficit Hyperactivity Disorder
 Manifested by developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity.
 The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
  A. Medically documented findings of all three of the following:
   1. Marked inattention; and
   2. Marked impulsiveness; and
   3. Marked hyperactivity.
AND
  B. ...for children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02.

The "B" criteria in 112.02 in which the Administrative Law Judge found at least some level of limitation are: marked limitations in age-appropriate cognitive/communicative functioning; marked limitations in social functioning; marked limitations in personal functioning; and marked difficulties in concentration, persistence and pace.

This Court cannot reverse the Commissioner's decision to deny benefits unless the Commissioner's decision was made without substantial evidence. The Plaintiff was diagnosed with ADHD, but medical records indicate that the condition was managed and controlled through medication. As the condition is manageable with medication, it is not currently disabling, which is to say it is not a "marked limitation" as the Listing requires.

Additionally, the Plaintiff suffers "marked limitation" in only one of the "B" criteria, and two are required to be considered disabled. Plaintiff has marked difficulties in concentration, persistence, and pace (the academic difficulties referred to in the Objection to the Report and Recommendation), but is able to communicate in age-appropriate ways, is able to function socially, and is able to function personally. Plaintiff's kindergarten teacher testified that Plaintiff

did not have any problems taking turns in conversations, respecting and obeying adults and authority, and maintaining relevant and appropriate conversation. R. 277. Plaintiff's kindergarten teacher reported Plaintiff is able to make and keep friends, play appropriately with others, follow instructions, and express his anger appropriately. R. 274-81. Plaintiff once had trouble dressing and bathing himself, but at the time of the hearing, was able to dress himself and "all that." R. 695. So, the Commissioner's decision that Plaintiff did not have "marked limitation" in two of the "B" criteria is supported by substantial evidence, and this Court cannot reverse it.

Plaintiff's asthma is controlled by medication, R. 367, 368, 543-44, and he does not suffer any side effects therefrom. R. 701-02. A consultative speech/language evaluation conducted in 2005 found that Plaintiff's overall language skills were slightly impaired, but that his articulation skills were within normal limits. R. 414-16. While Plaintiff has an irregular heartbeat, the cardiologist reported that overall Plaintiff seemed healthy, and this condition was clinically asymptomatic. R. 534-35. Therefore, the decisions of the Commissioner to deny disability benefits for the asthma, speech delay, and irregular heartbeat were each supported by substantial evidence, and this Court cannot reverse them.

Plaintiff is reminded again that when determining whether or not a claimant's condition qualifies as a disability under the SSI requirements, the ALJ and the Appeals Council are to make that determination based on the claimant's condition at the time of the application, up to and including his condition at the time of the hearing. If a claimant's condition worsens after the hearing, a new application must be filed alleging a new onset date.

Because *de novo* review reveals that each of the conclusions of the Commissioner were supported by substantial evidence as analyzed under the proper legal standards, it is

*Case No: 1:08-cv-00173-MP-AK*

**ORDERED AND ADJUDGED:**

1. The Magistrate's Report and Recommendation, Doc. 24, is ADOPTED and incorporated herein.

2. The decision of the Commissioner denying benefits is AFFIRMED.

**DONE AND ORDERED** this   *25th* day of May, 2010

          *s/Maurice M. Paul*
      Maurice M. Paul, Senior District Judge